IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MICHAEL LOVELADY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-07-CV-052 |
| | § | |
| MIKE HOOKS, INC. and DREDGE 32, | § | |
| | § | |
| Defendants. | § | |

## ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER

This is a personal injury action wherein Plaintiff Michael Lovelady alleges that he was seriously and permanently injured when he tripped over an improperly placed blower on the Dredge 32. At the time of his injury, Plaintiff was working as an oiler for Defendant Mike Hooks, Inc. ("Hooks"). Now before the Court is Hooks's Motion to Transfer Venue to the Western District of Louisiana. For the reasons outlined below, the Motion is **GRANTED**. This case is **TRANSFERRED** to the Western District of Louisiana, Lake Charles Division.[1]

**I. Legal Standard**

The federal venue transfer statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought." 28 U.S.C. § 1404(a). The movant bears the burden of demonstrating to the Court that it should transfer the case. *See Peteet v. Dow. Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (requiring movant to make a showing that the forum sought is more convenient); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) ("At the very least,

---

[1] The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

the plaintiff's privilege of choosing venue places the burden on defendant to demonstrate why the forum should be changed."). In determining whether a venue transfer is warranted, the Court considers both "private and public factors, none of which are given dispositive weight." *In re Volkswagen of Am., Inc.*, 371 F.3d 201, 203 (5th Cir. 2004). The private concerns include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditions and inexpensive. The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws o[r] the application of foreign law." *Id.* The plaintiff's choice of forum is generally entitled to great deference unless the plaintiff is not a resident of the forum or the operative facts underlying the action occurred elsewhere. *See Peteet*, 868 F.2d at 1436. The decision to transfer a case lies within the sound discretion of the Court, and such determinations are reviewed under an abuse of discretion standard. *See id.*.

## II. Analysis

### 1. Private Factors

#### A. Ease of Access to Sources of Proof

Neither Party has given the Court any indication that the sources of proof in this case are so connected to one venue as to make trial in another substantially more or less convenient. Likewise, the Court sees nothing in the record that would militate transfer in order to have better access to evidence. As with most personal injury cases, the Court does not foresee that

this case will be abnormally document intensive. Accordingly, this factor does not weigh for or against transfer.

### B. Availability and Cost of Obtaining Attendance of Key Witnesses

Defendant has listed seven key witnesses, all of whom live in Louisiana. These witnesses include Plaintiff, Plaintiff's initial treating physician, one of Plaintiff's current treating physicians, the captain of the Dredge 32, the chief engineer, Defendant's risk manager, and Defendant's safety director. As Parties or employees thereof, Plaintiff, the captain, the chief engineer, the risk manager, and the safety director can all be compelled to testify in either venue. The same is true of Plaintiff's retained experts, two of whom reside in this District. The only witnesses who cannot be compelled to come to Galveston are the initial treating physician and the current physician who resides in Louisiana. However, physicians often preserve their testimony by deposition, and the Court sees no reason that cannot be done in this case as well. Since the Court does not foresee a problem obtaining any of the testimony relevant to this case, the availability of key witnesses does not weigh for or against transfer.

However, the cost of obtaining attendance of the aforementioned witnesses would be higher here than in Louisiana since most witnesses live closer to Lake Charles than they do to Galveston. A closer trial necessarily results in lower travel costs and less accompanying inconvenience. Given this reduced cost, this factor weighs slightly in favor of transfer.

### C. Other Practical Problems

Plaintiff makes much of the fact that Hooks has been awarded several multi-million dollar contracts within this District, indicating that it would not be inconvenient for Hooks to travel here to defend itself in this action. Plaintiff's argument would be very strong if this were a

personal jurisdiction motion. However, those facts have very little bearing on the venue analysis.

### 2. Public Factors

#### A. Administrative Difficulties Flowing From Court Congestion

This factor does not weigh for or against transfer.

#### B. Local Interest

This accident occurred on the Calcasieu River, in the Western District of Louisiana. The citizens of this District and Division have only a passing interest in this litigation. On the other hand, the residents of the Western District of Louisiana have a strong interest in maintaining safety on the navigable waters flowing through their region. This interest is strengthened by the fact that Plaintiff and Hooks are both residents of Louisiana. The jurors of that District have a strong concern for holding local corporations accountable and protecting the interests of injured residents. This factor weighs in favor of transfer.

#### C. Familiarity With Applicable Law

This case is governed by admiralty law. This Court and its sister courts in the Western District of Louisiana are equally well equipped to apply the applicable law. Therefore, this factor does not weigh for or against transfer.

#### D. Avoidance of Conflict of Law Issues

This factor is inapplicable to this case.

### 3. Plaintiff's Choice of Forum

Since Plaintiff is not a resident of this District, and this case has nothing to do with this District, Plaintiff's choice of forum is entitled to little deference. While the Court is flattered by

Plaintiff's desire to pursue its claims here, the Court finds that Plaintiff's choice does not support retention of this case when other applicable factors weigh in favor of transfer.

### III. Conclusion

For the reasons outlined above, Defendants' Motion to Transfer is **GRANTED**, and this case is **TRANSFERRED** to the Western District of Louisiana, Lake Charles Division. All Parties are to bear their own costs, expenses, and attorneys' fees incurred herein to date. Any other pending Motions are left to the discretion of the transferee court.

**IT IS SO ORDERED.**

**DONE** this 1st day of May, 2007 at Galveston, Texas.

Samuel B. Kent
United States District Judge